In the Matter of the Estate of CARL F. BERTANZEL, Deceased. CARL F. BERTANZEL, JR., and HARRY W. MOORE, as Executors, etc., of CARL F. BERTANZEL, Deceased, Appellants; FLORENCE E. BERTANZEL and WILLIAM H. DALY, Special Guardian for JOHN H. BERTANZEL, an Infant, etc., Respondents. (Appeal No. 1.) — Order vacating in part a notice of examination of Florence E. Bertanzel and limiting the examination to certain items contained in the order affirmed, with ten dollars costs and disbursements; the examination to proceed on five days' notice. No opinion. Lazansky, P. J., Carswell, Davis, Adel and Taylor, JJ., concur.

In the Matter of the Estate of CARL F. BERTANZEL, Deceased. CARL F. BERTANZEL, JR., and HARRY W. MOORE, as Executors, etc., of CARL F. BERTANZEL, Deceased, Appellants; FLORENCE E. BERTANZEL and WILLIAM H. DALY, Special Guardian for JOHN H. BERTANZEL, an Infant, etc., Respondents. (Appeal No. 2.) — Order of the Surrogate's Court of Nassau county denying motion to vacate the notice of examination of the executors modified by striking out items 4, 8, 12 and 16, and by striking out in item 15 the word " ten " and inserting in lieu thereof the word " five " preceding the word " years; " and as so modified the order is affirmed, with ten dollars costs and disbursements to respondents, payable out of the estate; the examination to proceed on five days' notice, at which time the executors will produce the books, papers and documents as required by the subpoena. It will be necessary to determine the total net value of the estate as compared with the value of the amount of property to be set up constituting the trust estate in order to determine whether or not the widow has a limited right of election. To the extent indicated, the examination is material and necessary. The duties of the executors in the main are to see that a valid will is probated and the estate fairly and honestly administered; and if it becomes necessary, to set up a trust estate as directed by the terms of the will, to be administered by the trustees.

The executors, as such, have no great concern with conflicting claims of those interested in the manner of distribution. That is a matter for the courts to determine after hearing the parties who make conflicting claims. It should be left to such parties to conduct the contest once the matter is brought to the attention of the court, with the executors taking no partisan interest therein. Lazansky, P. J., Carswell, Davis, Adel and Taylor, JJ., concur.